IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL CARLIN FERGUSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | No. 3:17-CV-061-G (BT) |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
| Respondent. § | | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Darrell Carlin Ferguson, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b). For the following reasons, the Court should dismiss the petition with prejudice as barred by the one-year limitation period.

I.

Petitioner challenges his conviction, by a jury, for continuous sexual abuse of a child. *State of Texas v. Darrell Ferguson*, No. D-34418-CR (13th Dist. Ct., Navarro County, Tex., Feb. 28, 2013). He was sentenced to life in prison.

On March 6, 2014, the Tenth District Court of Appeals affirmed Petitioner's conviction and sentence, after modifying the judgment to reflect that the victim was twelve years old rather than thirteen. *Ferguson v. State*, No. 10-13-00173-CR (Tex. App. – Waco 2014). Petitioner filed a petition for discretionary review,

but the Texas Court of Criminal Appeals struck the petition for failure to comply with Rule 68.4(j) of the Texas Rules of Appellate Procedure because Petitioner failed to file a complete copy of the appellate decision. *Ferguson v. State*, No. PDR No. 0457-14. The Court of Criminal Appeals granted Petitioner an extension of time until October 20, 2014, to file his PDR, but Petitioner did not file a PDR by the new deadline.

On December 2, 2015, Petitioner filed a state habeas petition. *Ex parte Ferguson*, No. 85,692-01. On September 28, 2016, the Texas Court of Criminal Appeals denied the petition without written order. On October 20, 2016, the Court of Criminal Appeals dismissed Petitioner's motion for reconsideration, and on November 3, 2016, denied his suggestion to reconsider.

On January 2, 2017, Petitioner filed the instant § 2254, in which he makes a myriad of claims, including:

1. "Denial of Constitutional Protection" in:

    a. "Allowing a symbiotic TDCJ Program, and by order denying [Petitioner]'s own witnesses to communicate with [Petitioner] as per CRR p. 80, unless they "role-play" against [Petitioner]."

    b. "Punishment began BEFORE trial."

    c. "Denying exculpatory evidence from trial."

    d. "Allowing juror fraud and juror misconduct after a hearing that proved juror misconduct. This program denies ALL civil rights from [Petitioner]."

2. He was denied "Due Process" due to:

    a. "Evidence that is exculpatory,"

    b.     "uncalled witnesses,"

    c.     "kept away from jury,"

    d.     "defense attorneys 'role-playing' against [Petitioner] (per order),"

    e.     "Secret hearings and secret rulings,"

    f.     "Continuous Remote Interrogation before, during and after trial," and

    g.     "Court not considering [Petitioner's] disabilities and doctor statements. Dr. Abadie, State's witness support defendant but ignored";

3.     "Evidence violations. (Too many to list here);"

    a.     "including uncalled witnesses,"

    b.     "Defendant told 'too late to testify,'"

    c.     "Extreme spinal trauma, surgeries, disabilities, doctors statement not considered, uncalled med expert for defense."

4.     "Abuse of discretion" due to:

    a.     "Motions quashed that support defense,"

    b.     "Denied meaningful, adversarial cross examination: ie, evidence proving reasons to fabricate charges and accusations;"

    c.     "Reasons to fabricate also posted on Social Media— subpoena denied," and

    d.     "Rules in Limine that would prove Any, All Bad Acts by plaintiff/victim denied by Limine 4.2[sic] taking away and denying ability for any false claims to be proven by defense;"

5.     Ineffective assistance of counsel at trial because counsel:

    a.     failed to object,

3

    b.    failed to call witnesses,

    c.    failed to "enter phone statements supporting defense,"

    d.    failed to "properly file Motion for New Trial,"

    e.    failed to "include facts and affidavit with motions,"

    f.    failed to "understand and failure to refuse Limine Rule 4.2, which denied defense to claim innocence by deny right to acknowledge accusers of lying," and

    g.    "[exercised] conflict of interest by engaging in 'role-playing' against defendant with court, Plaintiff and accusers;"

6.    "Ineffective assistance of appellate counsel. Appellate counsel failed to acknowledge wrongdoing of the State, defends jury fraud/misconduct. States that it doesn't matter to her what [Petitioner] has to say, that her job is only to look for written mistakes. She then makes [personal], biased statement against [Petitioner] in And[er]s Brief (page 23) that defendant wanted a 'different kind of silence.'"

II.

## A.   Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

The Court of Criminal Appeals granted Petitioner until October 20, 2014, to file his PDR. He did not file a PDR. His conviction therefore became final on October 20, 2014. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until October 20, 2015, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first state habeas petition on December 2, 2015. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner's deadline for filing his § 2254 petition was October 20, 2015. He did not file his petition until January 2, 2017. His petition is therefore untimely.

### B.    Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner raises numerous claims for equitable tolling. He claims there was a "symbiotic state program" that hindered his filing, but he does not explain what the state program was or how it hindered his timely filing.

He claims (i) he was "stopped from testifying in court;" (ii) his state claims were denied without written order; (iii) his attorney failed to provide him with his personal notes or respond to his letters; (iv) he had limited access to the law library; and (v) he was "mishoused" in administrative segregation. Petitioner has failed to explain how these circumstances prevented him from timely filing his petitioner, or the duration of any alleged impediment. He has also failed to show that he was misled about his habeas remedies or prevented in some extraordinary way from filing his petition.

Finally, Petitioner states he filed his petition on November 3, 2016, rather than January 2, 2017, but that the court did not receive it. Even, if the Court accepted November 3, 2016, as the filing date, however, the petition would be untimely because the limitations period expired on October 20, 2015. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed June 15, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).